In re A.H. ROBINS COMPANY, INCOR-
PORATED, Debtor, Employer's Tax
Identification No. 54-0486348.

Larry G. SALCEDO, Linda O. Golez and
Consuelo T. Casipe, Movants,

v.

DALKON SHIELD CLAIMANTS
TRUST, Respondent.

No. 85-01307-R.

United States District Court,
E.D. Virginia,
Richmond Division.

March 13, 1995.

Ricardo V. Taquiso, Sr., Negros Ocidental, Philippines, for Larry G. Salcedo, Linda O. Golez and Consuelo T. Casipe.

Orran Lee Brown, Richmond, Virginia, for Dalkon Shield Claimants Trust.

### *MEMORANDUM*

MERHIGE, District Judge.

This matter is before the Court on Movants' motion to reinstate their Dalkon Shield Claims. For the reasons which follow, the motion will be denied.

### I.

Movants are Dalkon Shield Claimants whose claims were disallowed on the basis of fraud or other wrongdoing. Specifically, the Trust disallowed these claims after a determination that they were "fictitious, in that the named claimants either never existed, or

never used a Dalkon Shield." Trust Mem. at 1–2; *see* Report on Disallowance of Claims on Administrative Hold, Docket No. 20290 (November 1, 1994). The disallowance decision was made pursuant to a Trust policy adopted in response this Court's Order in *Besag v. Dalkon Shield Claimants Trust,* 197 B.R. 590 (E.D.Va. 1994).[1] Movants have exercised their right of appeal to this Court, and seek reinstatement of their claims and payment of $725.00 under Option 1 of the Claims Resolution Facility.[2]

## II.

■ Reinstatement of a claim disallowed on the basis of suspected wrongdoing is governed by the rule promulgated by this Court in *Kidd v. Dalkon Shield Claimants Trust,* 197 B.R. 597 (E.D.Va. 1994). Pursuant to *Kidd,* a claimant seeking to reinstate her claim bears the burden of proving by a preponderance of the evidence that his or her claim should be reinstated. *Id.* at 603. "A claimant satisfies this burden by proffering sufficient evidence to prove that it is more likely than not that the claim and any evidence submitted in support thereof are genuine, and that the Trust therefore erred in disallowing the claim." *Id.* Where a claim is disallowed on a suspicion that the claimant does not exist, the claimant bears the burden of proving by a preponderance of the evidence that she (1) is, in fact, a real person and (2) used a Dalkon Shield. *Id.* at 603.

■ In originally filing their claims, Movants (all of whom were represented by one Azucena Apoyon as a Personal Representative) stated that their Dalkon Shields had been inserted by Dr. Elena Ramos Jocson in Bacolod City. Subsequent investigation by the Trust, however, revealed that Dr. Jocson has never inserted an IUD. *See* Trust Mem., Ex. A ¶ 2 (letter from Dr. Jocson stating that her practice was limited to childbirth). Moreover, repeated attempts to reach Mrs. Apoyon to obtain additional information went unanswered. It was on this record that the Trust determined that Movants either did not exist, or did not use the Dalkon Shield.

Movants now allege that the Trust erred in disallowing their claims. In so doing, however, they fail to offer any evidence whatsoever rebutting the findings set forth above. Instead, they merely assert that because the Philippine National Bureau of Investigation has not investigated this matter, disallowance is improper.[3] A conclusory statement of this nature, standing alone without *any* evidentiary support, is plainly insufficient to warrant reinstatement of a claim. *See Kidd,* 197 B.R. at 603–04.

## III.

The Court concludes that Movants have failed to carry their burden of proof, as required by the scheme articulated in *Kidd.* Specifically, Movants have failed to prove by a preponderance of the evidence that it is more likely than not that their claims are genuine. Accordingly, the motion to reinstate will be denied.

---

1. In *Besag,* the Court expressed concern that a claimant could be placed on hold indefinitely pending the outcome of a Postal Service investigation into suspected fraud; thus, the Court ordered the Trust to either cancel or modify its administrative hold policy. 197 B.R. at 596–97. The Court also approved the disallowance of claims suspected of fraud. *Id.* at 597.

  Pursuant to *Besag,* the Trust placed a sixty-day limit on the administrative hold. During this period, the Trust itself, in situations involving potentially deceptive claims, further investigates any potential wrongdoing by a claimant. If the Trust makes a finding of wrongdoing, the claim is disallowed within the meaning of Plan section 1.48 and is forever barred from recovery unless reinstated by the Court. *See* Claimants Trust Agreement § 5.02(b). Movants were disallowed under this new policy.

2. Salcedo and Casipe originally chose Option 2. Golez chose Option 3.

3. The Trust referred these claims to the National Bureau of Investigation ("NBI") once a determination had been made that the claims were suspect. The NBI apparently has not investigated these claims to date.